Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000536
14-MAY-2019
07:51 AM

NO. CAAP-16-0000536

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


REALTY FINANCE, INC.,
Plaintiff/Counterclaim Defendant-Appellee,
v.
THOMAS FRANK SCHMIDT AND LORINNA JHINCIL SCHMIDT,
Defendants/Cross-Claim Defendants/
Counterclaim-Plaintiffs/Appellants,
and
KALOKO TWO PARTNERSHIP, a Hawaii limited partnership;
AMERASIAN LAND CO., a Nevada corporation,
Defendants/Counterclaim-Plaintiffs/Appellees,
and
ASSOCIATION OF APARTMENT OWNERS OF THE MARCO POLO APARTMENTS,
an unincorporated condominium association,
Defendant/Cross-Claim Plaintiff/Counterclaim-Plaintiff/Appellee,
and
TURLINGTON CORPORATION, as Successor-In-Interest to JOHN RAPP,
Defendant/Cross-Claim-Defendant/Appellee,
and
LAWHN & KEEVER, a Law corporation; DOUGLAS J. IGE; STATE OF
HAWAIʻI, by and through the Chief, Oahu Collections Branch,
Defendants-Appellees,

---

ASSOCIATION OF APARTMENT OWNERS OF THE MARCO POLO APARTMENTS,
Defendant/Third-Party Plaintiff/Appellee,
v.
REAL PROPERTY DIVISION DEPARTMENT OF FINANCE, COUNTY OF MAUI,
BANK OF HONOLULU, AND CHARLES MAZZOLA,
Third-Party Defendants/Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 97-1235-03)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Defendants/Cross-Claim Defendants/Counterclaim-Plaintiffs/Appellants Thomas Frank Schmidt and Lorinna Jhincil Schmidt (Schmidts) appeal from the "Order Granting as Modified Plaintiff's Motion to Vacate Judgment Entered on December 21, 2004, Filed on March 3, 2016," filed on July 7, 2016, (Order) in the Circuit Court of the First Circuit (circuit court).[1] The Order was filed in favor of Plaintiff/Counterclaim Defendant-Appellee Realty Finance, Inc. (Realty) granting with modifications "Plaintiff's Motion to Vacate Judgment Entered on December 21, 2004," filed on March 3, 2016 (Motion to Vacate).

This appeal arises out of an extensive history of civil proceedings that resulted in a judgment against Realty for $537,258.66, filed on December 21, 2004 (Judgment). On March 3, 2016, Realty filed its Motion to Vacate the Judgment arguing that the Judgment should be deemed "paid and discharged" because the Schmidts failed to renew the Judgment within ten years per Hawaii Revised Statutes (HRS) § 657-5 (2016).[2] Realty requested that the Judgment be vacated under Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b)(5) (2006).[3] On July 7, 2016, the circuit court

---

[1] The Honorable Virginia L. Crandall presided.

[2] HRS § 657-5 states:

> **§ 657-5 Domestic judgments and decrees.** Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered. A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree. No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree.

[3] HRCP Rule 60(b)(5) states in relevant part:

> **(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the

entered the Order granting as modified Realty's Motion to Vacate.

On appeal, the Schmidts contend that the circuit court erred in entering the Order because: (1) the Judgment should not have been vacated under HRCP Rule 60(b)(5) and the Motion to Vacate was untimely; (2) Realty sought to vacate the Judgment as a means of undermining the Schmidts' collection efforts on the Judgment in related cases under the Uniform Fraudulent Transfer Act (UFTA); (3) the Judgment was equitably extended under HRS § 657-20 (2016)[4] when Realty committed fraud by changing its name without informing the circuit court; (4) deeming the Judgment discharged was inequitable given the Schmidts' attempts to recover on the Judgment over the last 15 years; and (5) deeming the Judgment discharged deprived the Schmidts of their constitutional rights to due process and equal protection.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant case law, we resolve the Schmidts' appeal as follows.

(1) The Schmidts' first point of error on appeal contends that the circuit court erred in entering the Order because the Judgment should not have been vacated under HRCP Rule 60(b)(5) and because the Motion to Vacate was untimely.

> The interpretation of a statute is a question of law reviewable *de novo*. When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from

---

> judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]

[4] HRS § 657-20 states:

> **§ 657-20 Extension by fraudulent concealment.** If any person who is liable to any of the actions mentioned in this part or section 663-3, fraudulently conceals the existence of the cause of action or the identity of any person who is liable for the claim from the knowledge of the person entitled to bring the action, the action may be commenced at any time within six years after the person who is entitled to bring the same discovers or should have discovered, the existence of the cause of action or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

> the language contained in the statute itself. Therefore,
> the fundamental starting point for statutory interpretation
> is the language of the statute itself. . . . And where the
> statutory language is plain and unambiguous, our sole duty
> is to give effect to its plain and obvious meaning.

Int'l Sav. & Loan Ass'n, Ltd. v. Wiig, 82 Hawaiʻi 197, 199, 921 P.2d 117, 119 (1996) (internal citations and quotation marks omitted).

In the Order granting Realty's Motion to Vacate, the circuit court modified the grounds for granting the motion, ruling only that the Judgment was more than ten years old, the Schmidts' did not seek to extend the Judgment, and thus "[u]nder HRS § 657-5, the [Judgment], with all the rights and remedies appurtenant thereto, is conclusively deemed paid and discharged in accordance with Int'l Sav. & Loan Ass'n, Ltd. v. Wiig, 82 Hawaiʻi 197, 199, 921 P.2d 117, 119 (1996)." The circuit court did not base its Order on HRCP Rule 60(b)(5) and thus we need not address the rule's applicability to the present case.

Further, unlike HRCP Rule 60(b) which requires that motions under the rule be filed within "a reasonable time," HRS § 657-5 contains no provision for the timeliness of a motion for a declaration deeming a judgment paid and discharged. HRS § 657-5 is a statute of repose, and judgments are "conclusively presumed paid and discharged after ten years unless timely renewed," with or without a court declaration. Wiig, 82 Hawaiʻi at 199, 201, 921 P.2d at 119, 121. Thus, the Motion to Vacate was proper and timely insofar as the circuit court construed the motion as a request for a declaration that the Judgment was deemed paid and discharged by operation of law, under HRS § 657-5, ten years after the Judgment was entered on December 21, 2004.

(2) The Schmidts' second point of error on appeal contends that the circuit court erred in entering the Order because Realty sought to vacate the Judgment as a means of undermining the Schmidts' collection efforts on the Judgment in related cases under UFTA.

> HRS § 657-5 is a statute of repose that compels the exercise
> of a right within the statutorily defined period of time.
> In this respect, HRS § 657-5 provides the judgment creditor
> a ten year interval within which to attempt collection of
> the judgment. If the judgment is not satisfied within the
> prescribed period, the judgment creditor may extend or renew

> the judgment for an additional ten year term. If the judgment creditor fails to secure the extension within the ten years, the judgment and all the rights and remedies appurtenant to that judgment terminate.

Id. at 199, 921 P.2d at 119 (internal citations omitted).

As stated *supra*, the circuit court declined to vacate the Judgment, and instead properly declared that the Judgment was deemed paid and discharged by operation of law under HRS § 657-5. HRS § 657-5 takes no account of the success of the judgment creditor's collection actions nor of the debtor's intentions in seeking to have an expired Judgment declared deemed paid and discharged.

The Judgment expired by operation of law at the end of its ten year term. The Schmidts made no attempt to extend the Judgment during its ten year term as required by HRS § 657-5. Realty's intent in seeking the circuit court's declaration and any potential legal ramifications of the expired Judgment on the Schmidts' collection efforts do not affect the circuit court's obligation to declare that the Judgment was deemed paid and discharged by operation of law under HRS § 657-5.

Further, the appeal before us concerns only whether the circuit court erred in declaring that the Judgment was deemed paid and discharged. Thus, although we recently addressed the relationship between expired judgments and UFTA actions in Kekona v. Abastillas, Nos. CAAP-16-0000679 & CAAP-16-0000782, 2018 WL 6259487, at *7-8 (Haw. App. Nov. 30, 2018) (Mem. Op.), in this appeal, the potential legal effects of the Order on the Schmidts' attempts to enforce the Judgment in an ongoing UFTA action have no bearing on whether the Judgment is deemed paid and discharged under HRS § 657-5. Thus, the circuit court did not err in entering the Order.

(3) The Schmidts' third point of error on appeal contends that the circuit court erred in entering the Order because the Judgment was equitably extended under HRS § 657-20 when Realty committed fraud by changing its name without informing the circuit court. The Schmidts contend that HRS § 657-20 should be read *in pari materia* with HRS § 657-5 to extend the Judgment for an additional six years because Realty

fraudulently concealed the identity of a party liable for the claim.

This contention is without merit. The statutes, while appearing in the same chapter of the Hawaii Revised Statutes, are not *in pari materia* because they do not concern the same subject matter. See HRS § 1-16 (2009) ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other."). As stated *supra*, HRS § 657-5 is a statute of repose. Wiig, 82 Hawai'i at 199, 921 P.2d at 119. On the other hand, HRS § 657-20 extends the statute of limitations when a claim must be filed in cases where a liable party fraudulently conceals a cause of action or identity of another liable party. HRS § 657-20, which addresses when a case may begin, has no bearing on the time limits established in HRS § 657-5 for the life of a judgment after the judgment is entered. Further, the Supreme Court of Hawai'i has held that even statutes that should be read *in pari materia* with HRS § 657-5 do "not 'toll' the life of the judgment beyond the ten year period." Id. at 121, 921 P.2d at 201. Thus, in the absence of any timely attempt to renew the Judgment, the circuit court properly deemed the Judgment paid and satisfied ten years after the Judgment was entered.

(4) The Schmidts fourth point of error on appeal contends that the circuit court's Order deeming the Judgment discharged is inequitable given the Schmidts' attempts to recover on the Judgment over the last 15 years.

The Schmidts' present no legal authority for the proposition that a judgment can be extended via the equitable powers of the court beyond the time limit established in HRS § 657-5. The Supreme Court of Hawai'i has held that under "HRS § 657-5, the judgment, together with all the rights and remedies appurtenant to it, are conclusively presumed paid and discharged after ten years unless timely renewed." Id. The plain language of HRS § 657-5 is not permissive. Thus, the circuit court did not err in entering the Order.

(5) The Schmidts' fifth point of error on appeal contends that the circuit court's Order deeming the Judgment discharged deprived the Schmidts of their constitutional rights

6

to due process and equal protection. Specifically, the Schmidts claim that "the trial court acted in the manner inconsistent with due process and denied the Schmidts under these circumstances their right to equal protection under the law because it denied them a judgment against the proper party."

This contention is without merit. The Judgment was deemed paid and discharged by operation of law ten years after it was entered. The Schmidts failed to avail themselves of the statutory protection afforded under HRS § 657-5 to extend the Judgment for another ten years so that they could continue their collection efforts. The circuit court's Order declaring that the Judgment was deemed paid and discharged did not alter these existing legal realities. Thus, the circuit court's entry of the Order did not deprive the Schmidts of their constitutional rights to due process and equal protection.

Based on the foregoing, the "Order Granting as Modified Plaintiff's Motion to Vacate Judgment Entered on December 21, 2004, Filed on March 3, 2016," filed on July 7, 2016, in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, May 14, 2019.

On the briefs:

R. Steven Geshell,
for Thomas Frank Schmidt and
Lorinna Jhincil Schmidt.

Paul Alston,
(Alston Hunt Floyd & Ing),
for Realty Finance, Inc.

Presiding Judge

Associate Judge

Associate Judge